UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 1:25-cv-1791

VOLTSTAR TECHNOLOGIES, INC.,

    Plaintiff,

v.

AMAZON.COM, INC. and AMAZON.COM
SERVICES LLC,

    Defendants.

**COMPLAINT FOR PATENT INFRINGEMENT**

**TABLE OF CONTENTS**

NATURE OF THE LAWSUIT ................................................................................................... 3
JURISDICTION AND VENUE ................................................................................................. 3
THE PLAINTIFF......................................................................................................................... 3
THE DEFENDANTS................................................................................................................... 4
THE PATENTS-IN-SUIT ........................................................................................................... 4
    The '794 Patent ...................................................................................................................... 4
    The '833 Patent ...................................................................................................................... 7
    The '648 Patent ..................................................................................................................... 7
DEFENDANTS' PRODUCTS .................................................................................................... 8
    Accused Product # 1 – Amazon 5W USB Official OEM Charger and Power Adapter for Fire Tablets and Kindle eReaders .................................................................................. 8
    Accused Product # 2 – Amazon 9W USB Official OEM Charger and Power Adapter for Fire Tablets and Kindle eReaders .................................................................................. 9
    Accused Product # 3 – Amazon Basics Wireless Charging Stand ........................................... 11
COUNT I – DIRECT INFRINGEMENT OF U.S. PATENT NO. RE48,794 E .......................... 13
COUNT II – DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,910,833 ............................ 13
COUNT III – DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,960,648 ........................... 14
PRAYER FOR RELIEF .............................................................................................................. 15
JURY DEMAND ......................................................................................................................... 15

Plaintiff VOLTSTAR TECHNOLOGIES, INC. by and through its undersigned counsel, brings this Complaint against Defendants AMAZON.COM, INC. and AMAZON.COM SERVICES LLC for patent infringement, and in support, alleges as follows:

## NATURE OF THE LAWSUIT

1. This is an action for patent infringement arising under the patent laws of the United States Title 35, United States Code §§ 271 *et seq.* to enjoin further infringement and obtain damages resulting from Defendants' unauthorized manufacture, use, sale, offer to sell and importation into the United States of products identified and described herein in violation of Plaintiff Voltstar's rights under U.S. Patent No. 7,910,833, U.S. Patent No. 7,960,648, and U.S. Patent Number 9,024,581 which was reissued as Patent Number RE48,794 E. Plaintiff seeks permanent injunctive relief and monetary damages resulting from Defendants' infringement.

## JURISDICTION AND VENUE

2. This Court has original and exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338(a); and 35 U.S.C. § 271.

3. This Court has personal jurisdiction over the Defendants.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(b)(3) because Defendants have committed acts of infringement and are subject to personal jurisdiction within this judicial district and division.

## THE PLAINTIFF

5. Plaintiff, Voltstar Technologies, Inc. ("Voltstar"), is an Illinois Corporation with a principal place of business located at P.O. Box 3727, Barrington, IL 60010.

**THE DEFENDANTS**

6. Defendant Amazon.com, Inc. ("Amazon.com, Inc.") is a Delaware corporation with its principal place of business at 410 Terry Ave N, Seattle, WA 98109 doing business in New York, with an office located at 424 Fifth Avenue, New York, New York 10018.

7. Defendant Amazon.com Services LLC ("Amazon.com Services") is a Delaware limited liability company registered to do business in New York, with its principal place of business at 410 Terry Avenue North, Seattle WA 98109, and can be served by serving its registered agent Corporation Service Company at 80 State Street, Albany, New York 12207.

8. Amazon.com Services is a subsidiary of Amazon.com Inc. On information and belief, Amazon.com distributes Amazon Basics products.

9. Hereinafter, Amazon.com Services and Amazon.com, Inc. will be collectively referred to as "Amazon" or "Defendants."

10. Amazon has a regular and established place of business in this District, with a warehouse located at 7 W 34th St., New York, NY 10001.

**THE PATENTS-IN-SUIT**

**THE '794 PATENT**

11. Voltstar owns all right, title and interests in, and/or has standing to sue for infringement of United States Patent Number RE48,794 E (the " '794 patent"), entitled "Charger Plug With Improved Package", issued October 26, 2021. A copy of the '794 Patent is attached hereto as **Exhibit 1**.

12. Prior to May 21, 2008, James W. McGinley, Donald Rimdzius, and David P. Marcusen, invented a novel and non-obvious Charger Plug with Improved Package.

13. McGinley, Rimdzius, and Marcusen applied for and obtained United States Patent No. 9,024,581 (the "'581 Patent") entitled "Charger Plug with Improved Package Electrical Charger" which was duly and legally issued on May 5, 2015.

14. McGinley, Rimdzius and Marcusen assigned all right, title and interest in and to the '581 Patent to Horizon Technologies, Inc.

15. In general, non-legal terms, the '581 Patent relates to a Charger that is to be connected between a source of AC power, such as a wall outlet, and a device such as a mobile phone that includes a battery with the battery being rechargeable through the use of DC power. The size and shape of the Charger are such that upon plugging the Charger into a source of AC power such as a wall outlet, (a) the Charger does not block or interfere with the use of adjacent outlets and (b) the Charger does not interfere with objects or furniture that may be placed adjacent to or in front of the outlet. In addition, the size and shape of the Charger are such that (a) a power cord for the device to be charged may be easily inserted into and removed from the Charger while the Charger is plugged into the source of AC power and (b) removal of the power cord from the Charger can be accomplished without removal of the Charger from the source of AC power. An example of the "Charger Plug with Improved Package Electrical Charger" is shown below:



16. On October 26, 2021, the U.S. Patent No. 9,024,581 was reissued as Patent Number US RE48,794 E ("the '794 Patent"). The reissued '794 Patent, in part, specifically amended Claim 1(i) to now state: "being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is less than 2.0 inches, a width of the housing outer profile being less than 1.75 inches …"[1]

17. Pursuant to 35 U.S.C. § 252, Claim 1 of the reissued '794 Patent is substantially identical with the original U.S. Patent No. 9,024,581 in that it has only limited the sizing dimensions of the claimed invention. Therefore, the reissued '794 Patent is a continuation of the

---

[1] The previous language of the U.S. Patent No. 9,024,581 Claim 1(i) stated: "being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is equal to or less than 2.0 inches …"

On reissue, the USPTO amended the claim language. The bolded language was omitted and the italicized portion was included, shown as follows: "being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is [**equal to or**] less than 2.0 inches, *a width of the housing outer profile being less than 1.75 inches …*"

original U.S. Patent No. 9,024,581 and has effect continuously from the date of the original patent as May 5, 2015.

## THE '833 PATENT

18. Voltstar owns all rights, titles, and interests in, and/or has standing to sue for infringement of U.S. Patent No. 7,910,833 (the "'833 Patent"), entitled "Energy-Saving Power Adapter/Charger", issued March 22, 2011. A copy of the '833 Patent is attached hereto as **Exhibit 2**.

19. Before May 27, 2008, Valerie L McGinley, Donald Rimdzius, and James McGinley invented a novel and non-obvious Energy Saving Power Adapter/Charger.

20. The inventors assigned all right, title and interest in and to the '833 Patent to Horizon Technologies, Inc.

21. In general, non-legal terms, the '833 Patent relates to a charger that automatically shuts off when a device is fully charged or not plugged in, reducing "phantom load"—residual power consumption by power devices when not connected to their host electronic device, or when the electronic device is shut off. This feature reduces power consumption and extends battery life.

## THE '648 PATENT

22. Voltstar owns all rights, titles, and interests in, and/or has standing to sue for infringement of U.S. Patent No. 7,960,648 (the "'648 Patent"), entitled "Energy-Saving Cable Assemblies", issued June 14, 2011. A copy of the '648 Patent is attached hereto as **Exhibit 3**. The '648 Patent is a continuation of and claims priority to the '833 Patent mentioned above.

23. Prior to October 15, 2008, James W. McGinley, Donald Rimdzius, Valerie McGinley, and Dominic James Hogan invented a novel and non-obvious Energy Saving Cable Assemblies.

24. These inventors assigned all rights, titles and interests in and to the '648 Patent to Horizon Technologies, Inc.

25. In general, non-legal terms, the '648 Patent, as a continuation of the '833 Patent, also relates to a charger, used in conjunction with a mobile electronic device, that automatically shuts off when a device is fully charged or not plugged in, reducing "phantom" load. This feature reduces power consumption and extends battery life.

## DEFENDANTS' PRODUCTS

### Accused Product # 1 – Amazon 5W USB Official OEM Charger and Power Adapter for Fire Tablets and Kindle eReaders

26. Defendants make, use, offer for sale and sell Amazon 5W USB Official OEM Charger and Power Adapter for Fire Tablets and Kindle eReaders (hereinafter, "**Kindle 5W Charger**"). An example of the Kindle 5W Charger distributed by Defendants is shown below.



27. Defendants advertise the use of and sells its Kindle 5W Charger which is a *charger* that is to be connected between a source of AC power, such as a wall outlet, and a device such as a mobile phone that includes a battery with the battery being rechargeable through the use of DC power.

28. In particular, the Kindle 5W Charger distributed by Defendants employs a reduced plug-size charger plug, that upon plugging the Kindle 5W Charger into a source of AC

power such as a wall outlet, the Kindle 5W Charger does not block or interfere with the use of adjacent outlets.

29. Moreover, the size and shape of the Kindle 5W Charger are such that a power cord for the device to be charged may be easily inserted into and removed from the Kindle 5W Charger while the charger is plugged into the source of AC power and removal of the power cord from the Kindle 5W Charger can be accomplished without removal of the charger from the source of AC power.

30. Attached hereto as **Exhibit 4** is a Claim Chart that illustrates each element of the infringing Kindle 5W Charger as compared to Claim 1 in the '794 Patent.

31. Defendants infringed at least one of the claims of the '794 Patent by offering to sell and by selling a charger plug identified as Kindle 5W Charger.

32. The Kindle Charger has a longitudinal length less than 2 inches, approximately 1.568 inches, and a width of less than 1.75 inches, approximately 1.494 inches.

**Accused Product # 2 – Amazon 9W USB Official OEM Charger and Power Adapter for Fire Tablets and Kindle eReaders**

33. Defendants make, use, offer for sale and sell Amazon 9W USB Official OEM Charger and Power Adapter for Fire Tablets and Kindle eReaders (hereinafter, "**Kindle 9W Charger**"). An example of the Kindle 9W Charger distributed by Defendants is shown below.



34. Defendants advertise the use of and sells its Kindle 9W Charger which is a *charger* that is to be connected between a source of AC power, such as a wall outlet, and a device such as a mobile phone that includes a battery with the battery being rechargeable through the use of DC power.

35. In particular, the Kindle 9W Charger distributed by Defendants employs a reduced plug-size charger plug, that upon plugging the Kindle 9W Charger into a source of AC power such as a wall outlet, the Kindle 9W Charger does not block or interfere with the use of adjacent outlets.

36. Moreover, the size and shape of the Kindle 9W Charger are such that a power cord for the device to be charged may be easily inserted into and removed from the Kindle 9W Charger while the charger is plugged into the source of AC power and removal of the power cord from the Kindle 9W Charger can be accomplished without removal of the charger from the source of AC power.

37. Attached hereto as **Exhibit 5** is a Claim Chart that illustrates each element of the infringing Kindle 9W Charger as compared to Claim 1 in the '794 Patent.

38. Defendants infringed at least one of the claims of the '794 Patent by offering to sell and by selling a charger plug identified as Kindle 9W Charger.

39. The Kindle 9W Charger has a longitudinal length less than 2 inches, approximately 1.916 inches, and a width of less than 1.75 inches, approximately 1.494 inches.

**Accused Product # 3 – Amazon Basics Wireless Charging Stand**

40. Defendants make, use, offer for sale and sell the Amazon Basics Wireless Charging Stand (hereinafter, "**Amazon Wireless Charger**"). An example of the Amazon Wireless Charger distributed by Defendants is shown below.



41. Defendants advertise and sell their Amazon Wireless Charger which as a Qi-compliant *wireless charger* that is to be connected between a source of AC power, such as a wall outlet, and a device such as a mobile phone that includes a rechargeable battery.

42. Qi (pronounced "chee") is one of the global wireless charging standards for providing 5-15 watts of power to small personal electronics. Though it is primarily used to

charge smartphones, the standard can also apply and easily be used to provide power for a growing number of consumer devices.

43. Qi is an open standard, and Qi-enabled mobile electronic devices are able to connect to Qi-certified (or Qi-compliant) chargers from any manufacturer.

44. Devices that operate using the Qi standard rely on electromagnetic induction between coils. A Qi system consists of two devices – the transmitting device (the charger), which is connected to a power source and provides inductive power, and the mobile device (to be charged), which consumes inductive power. The transmitting device comprises a transmitting coil that generates an oscillating magnetic field; the mobile device contains a power receiving coil. The magnetic field induces an alternating current in the receiving coil of the mobile device, by Faraday's law of induction, thereby charging the battery of the mobile device.

45. In order for a wireless charger to function optimally and efficiently, the wireless charging device must have internal monitoring circuitry to detect when a mobile electronic device requires charging or is fully charged. The internal circuitry further comprises one or more internal switches (mechanical or electrical) that control the flow of current based on the charge-status of the battery of the mobile electronic device. Furthermore, the internal circuitry of the wireless charger requires a novel load sensing portion, which senses the frequency of pulses rather than sensing the magnitude of a voltage and/or current, to determine the load being drawn, and to determine an "off" state for the device.

46. In particular, the Amazon Wireless Charger utilizes the internal monitoring and switch circuitry features, and all elements of the charging device, as claimed by one or more

claims, including but not necessarily limited to, Claims 24 and 33 of the '833 Patent and Claims 31, 32 and 39 in the '648 Patent.

47. Attached hereto as **Exhibit 6** is a Claim Chart that illustrates each element of the infringing Wireless Charger as compared to Claims 24, 33 and in the '833 Patent, and Claims 31, 32 and 39 in the '648 Patent.

48. Defendants infringed at least one of the claims of the '833 and the '648 Patent by offering to sell and by selling a wireless charger identified as Amazon Wireless Charger.

## COUNT I – DIRECT INFRINGEMENT OF U.S. PATENT NO. RE48,794 E

49. Voltstar repeats, realleges, and incorporates by reference, as if fully set forth herein paragraphs 1-48, as set forth above.

50. Within the six years preceding the filing of this Complaint, Defendants have directly infringed at least one claim of U.S. Patent No. RE48,794 E by making, using, selling, offering for sale in the United States, and/or importing into the United States its Kindle Charger, in violation of 35 U.S.C. § 271(a).

51. Without limiting the foregoing, Defendants have infringed at least Claim 1 of the '794 Patent as described in the Claim Charts attached hereto as **Exhibits 4 and 5**.

52. Defendants' acts of making, using, selling, offering for sale in the United States, and/or importing into the United States infringing products have been without license, permission, or authorization from Voltstar.

53. Defendant's infringement of the '794 Patent has injured and continues to injure Voltstar in an amount to be proven at trial, but not less than a reasonable royalty.

## COUNT II – DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,910,833

54. Voltstar repeats, realleges, and incorporates by reference, as if fully set forth herein paragraphs 1-48, as set forth above.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ TEXAS ◆ NEW YORK

55. Within the six years preceding the filing of this Complaint, Defendants have directly infringed at least one claim of U.S. Patent No. 7,910,833 by making, using, selling, offering for sale in the United States, and/or importing into the United States its Amazon Wireless Charger, in violation of 35 U.S.C. § 271(a).

56. Without limiting the foregoing, Defendants have infringed at least Claim 24, 33 and 36 of the '833 Patent as described in the Claim Chart attached hereto as **Exhibit 6.**

57. Defendants' activities referred to in this Count have been without license, permission, or authorization from Voltstar.

58. Defendants' infringement of the '833 Patent has injured and continues to injure Voltstar in an amount to be proven at trial, but not less than a reasonable royalty.

### COUNT III – DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,960,648

59. Voltstar repeats, realleges, and incorporates by reference, as if fully set forth herein paragraphs 1-48, as set forth above.

60. Within the six years preceding the filing of this Complaint, Defendants have directly infringed at least one claim of U.S. Patent No. 7,960,648 by making, using, selling, offering for sale in the United States, and/or importing into the United States its Wireless Charging Base, in violation of 35 U.S.C. § 271(a).

61. Without limiting the foregoing, Defendants have infringed at least Claim 31, 32 and 39 of the '648 Patent as described in the Claim Chart attached hereto as **Exhibit 6**.

62. Defendants' activities referred to in this Count have been without license, permission, or authorization from Voltstar.

63. Defendants' infringement of the '648 Patent has injured and continues to injure Voltstar in an amount to be proven at trial, but not less than a reasonable royalty.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Voltstar Technologies, Inc. demands judgment and relief against Defendants Amazon.com, Inc. and Amazon.com Services LLC and respectfully requests that the Court:

A. An entry of judgment holding that Defendants have infringed and are infringing the patents-in-suit;

B. For an accounting and an award of damages sufficient to compensate Voltstar for the infringement in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284;

C. A determination that Defendants' infringement has been willful, wanton, and deliberate and that the damages against it be increased up to treble on this basis or for any other basis in accordance with the law;

D. A finding that this case is an exceptional case under 35 U.S.C. § 284 and an award to Voltstar of its costs and reasonable attorneys' fees as provided by 35 U.S.C. § 285;

E. An accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the first date of infringement of the '794 Patent, '833 Patent and '648 Patent; and

F. That Voltstar is entitled to such other and further relief as to the Court appears just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: March 3, 2025                             Respectfully submitted,

                                                 /s/  Joseph A. Dunne

JOSEPH A. DUNNE
joseph.dunne@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue
25th Floor
New York, NY 10010
929.200.8446 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Voltstar Technologies, Inc.*