# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| VOLTSTAR TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC. AND AMAZON.COM SERVICES LLC, <br><br> Defendants. | Case No. 1:25-cv-01791-JMF |

## DEFENDANTS AMAZON.COM, INC. AND AMAZON.COM SERVICES LLC'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND DEFENSES

Defendants, Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon" or "Defendants"), by and through its undersigned attorneys, hereby answer and assert defenses to the Complaint of Plaintiff Voltstar Technologies, Inc. ("Voltstar" or "Plaintiff") dated March 3, 2025 (ECF No. 1) (the "Complaint") as follows:

## RESPONSE TO COMPLAINT

Except as specifically admitted herein, Amazon denies each and every allegation of the Complaint. To the extent that any allegations of the Complaint refer to or rely upon information not previously supplied to Amazon, Amazon is without information sufficient to admit or deny such allegations, the specific facts and not as to any purported conclusions, characterizations, implications, or speculations that might follow from the admitted facts.

Amazon reserves the right to amend or supplement its Answer, to take further positions, and to raise additional defenses based on additional facts or developments that become available or arise during discovery in this action.

For ease of reference, Amazon has included the headings from Voltstar's Complaint. The inclusion of these headings is not an admission by Amazon and to the extent that any heading or other non-numbered statement in Voltstar's Complaint contains or implies any allegations, Amazon denies each and every allegation therein.

The numbered paragraphs herein correspond to and respond to the numbered paragraphs set forth in the Complaint. The first, non-numbered paragraph of the Complaint contains an introductory paragraph to which no responsive pleading is required. To the extent a response is deemed necessary, Amazon denies that it has committed patent infringement and further denies Voltstar is entitled to any relief from Amazon.

## NATURE OF THE LAWSUIT

1.      This is an action for patent infringement arising under the patent laws of the United States Title 35, United States Code §§ 271 *et seq.* to enjoin further infringement and obtain damages resulting from Defendants' unauthorized manufacture, use, sale, offer to sell and importation into the United States of products identified and described herein in violation of Plaintiff Voltstar's rights under U.S. Patent No. 7,910,833, U.S. Patent No. 7,960,648, and U.S. Patent Number 9,024,581 which was reissued as Patent Number RE48,794 E. Plaintiff seeks permanent injunctive relief and monetary damages resulting from Defendants' infringement.

**ANSWER:**

Amazon admits that Voltstar's complaint alleges patent infringement under 35 U.S.C. §§ 271, *et seq.* Amazon denies all of Voltstar's allegations of infringement and denies that Voltstar is entitled to any relief from Amazon.

## JURISDICTION AND VENUE

2.      This Court has original and exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338(a); and 35 U.S.C. § 271.

**ANSWER:**

Paragraph 2 states legal conclusions to which no answer is required. To the extent an answer is required, Amazon admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338(a); and 35 U.S.C. § 271. Amazon denies that it infringes U.S. Patent No. 7,910,833, U.S. Patent No. 7,960,638, or U.S. Patent No. RE48,794 E (collectively, "Asserted Patents").

3.      This Court has personal jurisdiction over the Defendants.

**ANSWER:**

Paragraph 3 states legal conclusions to which no answer is required. To the extent an answer is required, for the purpose of this action only, Amazon does not contest personal jurisdiction in this District.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(b)(3) because Defendants have committed acts of infringement and are subject to personal jurisdiction within this judicial district and division.

**ANSWER:**

Paragraph 4 states legal conclusions to which no answer is required. To the extent an answer is required, for the purpose of this action only, Amazon does not contest that venue is proper in this district. Amazon denies that it infringes any of the Asserted Patents. To the extent this paragraph contains any additional factual allegations, Amazon denies them.

**THE PLAINTIFF**

5.      Plaintiff, Voltstar Technologies, Inc. ("Voltstar"), is an Illinois Corporation with a principal place of business located at P.O. Box 3727, Barrington, IL 60010.

**ANSWER:**

Amazon is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

**THE DEFENDANTS**

6.      Defendant Amazon.com, Inc. ("Amazon.com, Inc.") is a Delaware corporation with its principal place of business at 410 Terry Ave N, Seattle, WA 98109 doing business in New York, with an office located at 424 Fifth Avenue, New York, New York 10018.

**ANSWER:**

Amazon.com, Inc. admits it is a corporation organized under the laws of the State of Delaware, with a place of business at 410 Terry Ave. North Seattle, WA, 98109. Amazon.com, Inc. admits it does business in New York City with a place of business at 424 Fifth Avenue, New York, New York 11018.

7.      Defendant Amazon.com Services LLC ("Amazon.com Services") is a Delaware limited liability company registered to do business in New York, with its principal place of business at 410 Terry Avenue North, Seattle WA 98109, and can be served by serving its registered agent Corporation Service Company at 80 State Street, Albany, New York 12207.

**ANSWER:**

Amazon.com Services LLC admits it is a limited liability company organized under the laws of the State of Delaware, with a place of business at 410 Terry Avenue North, Seattle, WA 98109. Amazon.com Services LLC admits that for the purpose of this lawsuit, it can be served

by its registered agent Corporation Service Company at 251 Little Falls Drive, Wilmington, New Castle County, Delaware, 19808.

8.      Amazon.com Services is a subsidiary of Amazon.com Inc. On information and belief, Amazon.com distributes Amazon Basics products.

**ANSWER:**

Amazon admits that Amazon.com Services LLC is an indirect subsidiary of Amazon.com, Inc. Amazon further admits that Amazon.com Services LLC distributes Amazon Basics products. Amazon denies that Amazon.com, Inc. distributes Amazon Basics Products. To the extent this paragraph contains any additional factual allegations, Amazon denies them.

9.      Hereinafter, Amazon.com Services and Amazon.com, Inc. will be collectively referred to as "Amazon" or "Defendants."

**ANSWER:**

No response is required.

10.      Amazon has a regular and established place of business in this District, with a warehouse located at 7 W 34th St., New York, NY 10001.

**ANSWER:**

Amazon admits that Amazon.com, Inc. and Amazon.com Services LLC have a place of business at the address 7 West 34th Street, New York, NY 10001. To the extent this paragraph contains any additional factual allegations, Amazon denies them.

## THE PATENTS-IN-SUIT

### The '794 Patent

11.    Voltstar owns all right, title and interests in, and/or has standing to sue for infringement of United States Patent Number RE48,794 E (the "'794 patent"), entitled "Charger Plug With Improved Package", issued October 26, 2021. A copy of the '794 Patent is attached hereto as **Exhibit 1**.

**ANSWER:**

Paragraph 11 states legal conclusions to which no answer is required. To the extent a response may required, however, Amazon admits that a document that purports to be a copy of the '794 patent is attached as Exhibit 1 to the Complaint. Amazon admits that, on its face, the '794 patent is titled "Charger Plug With Improved Package," and bears a re-issuance date of October 26, 2021. Amazon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

12.    Prior to May 21, 2008, James W. McGinley, Donald Rimdzius, and David P. Marcusen, invented a novel and non-obvious Charger Plug with Improved Package.

**ANSWER:**

Amazon is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

13.    McGinley, Rimdzius, and Marcusen applied for and obtained United States Patent No. 9,024,581 (the "'581 Patent") entitled "Charger Plug with Improved Package Electrical Charger" which was duly and legally issued on May 5, 2015.

**ANSWER:**

Amazon is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

14.     McGinley, Rimdzius and Marcusen assigned all right, title and interest in and to the '581 Patent to Horizon Technologies, Inc.

**ANSWER:**

Paragraph 14 states legal conclusions to which no answer is required. To the extent a response may required, however, Amazon is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

15.     In general, non-legal terms, the '581 Patent relates to a Charger that is to be connected between a source of AC power, such as a wall outlet, and a device such as a mobile phone that includes a battery with the battery being rechargeable through the use of DC power. The size and shape of the Charger are such that upon plugging the Charger into a source of AC power such as a wall outlet, (a) the Charger does not block or interfere with the use of adjacent outlets and (b) the Charger does not interfere with objects or furniture that may be placed adjacent to or in front of the outlet. In addition, the size and shape of the Charger are such that (a) a power cord for the device to be charged may be easily inserted into and removed from the Charger while the Charger is plugged into the source of AC power and (b) removal of the power cord from the Charger can be accomplished without removal of the Charger from the source of AC power. An example of the "Charger Plug with Improved Package Electrical Charger" is shown below:



**ANSWER:**

The allegations made in this paragraph do not appear to be directed at Amazon, and therefore no response is required. To the extent any response may be required, however, Amazon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

16.    On October 26, 2021, the U.S. Patent No. 9,024,581 was reissued as Patent Number US RE48,794 E ("the '794 Patent"). The reissued '794 Patent, in part, specifically amended Claim 1(i) to now state: "being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is less than 2.0 inches, a width of the housing outer profile being less than 1.75 inches ..."[1]

---

[1] The previous language of the U.S. Patent No. 9,024,581 Claim 1(i) stated: "being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is equal to or less than 2.0 inches ..."

On reissue, the USPTO amended the claim language. The bolded language was omitted and the italicized portion was included, shown as follows: "being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the

**ANSWER:**

Amazon admits that, on its face, the '794 patent bears a re-issuance date of October 26, 2021. Amazon is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph, and on that basis denies them.

17.    Pursuant to 35 U.S.C. § 252, Claim 1 of the reissued '794 Patent is substantially identical with the original U.S. Patent No. 9,024,581 in that it has only limited the sizing dimensions of the claimed invention. Therefore, the reissued '794 Patent is a continuation of the original U.S. Patent No. 9,024,581 and has effect continuously from the date of the original patent as May 5, 2015.

**ANSWER:**

Paragraph 17 states legal conclusions to which no answer is required. To the extent any response may be required, Amazon is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

### The '833 Patent

18.    Voltstar owns all rights, titles, and interests in, and/or has standing to sue for infringement of U.S. Patent No. 7,910,833 (the "'833 Patent"), entitled "Energy-Saving Power Adapter/Charger", issued March 22, 2011. A copy of the '833 Patent is attached hereto as **Exhibit 2**.

**ANSWER:**

Paragraph 18 states legal conclusions to which no answer is required. To the extent a response may required, however, Amazon admits that a document that purports to be a copy of

---

longitudinal length is [**equal to or**] less than 2.0 inches, *a width of the housing outer profile being less than 1.75 inches* ..."

the '833 patent is attached as Exhibit 2 to the Complaint. Amazon admits that on its face the '833 patent is titled "Energy-Saving Power Adapter/Charger," and bears an issue date of March 22, 2011. Amazon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

19.    Before May 27, 2008, Valerie L McGinley, Donald Rimdzius, and James McGinley invented a novel and non-obvious Energy Saving Power Adapter/Charger.

**ANSWER:**

Amazon is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

20.    The inventors assigned all right, title and interest in and to the '833 Patent to Horizon Technologies, Inc.

**ANSWER:**

Paragraph 20 states legal conclusions to which no answer is required. To the extent a response may required, however, Amazon is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

21.    In general, non-legal terms, the '833 Patent relates to a charger that automatically shuts off when a device is fully charged or not plugged in, reducing "phantom load"—residual power consumption by power devices when not connected to their host electronic device, or when the electronic device is shut off. This feature reduces power consumption and extends battery life.

**ANSWER:**

The allegations made in this paragraph do not appear to be directed at Amazon, and therefore no response is required. To the extent any response may be required, however, Amazon

is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

**The '648 Patent**

22.     Voltstar owns all rights, titles, and interests in, and/or has standing to sue for infringement of U.S. Patent No. 7,960,648 (the "'648 Patent"), entitled "Energy-Saving Cable Assemblies", issued June 14, 2011. A copy of the '648 Patent is attached hereto as **Exhibit 3**. The '648 Patent is a continuation of and claims priority to the '833 Patent mentioned above.

**ANSWER:**

Paragraph 22 states legal conclusions to which no answer is required. To the extent a response may required, however, Amazon admits that a document that purports to be a copy of the '648 patent is attached as Exhibit 3 to the Complaint. Amazon admits that on its face the '648 patent is titled "Energy-Saving Cable Assemblies," and bears an issuance date of June 14, 2011. Amazon is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

23.     Prior to October 15, 2008, James W. McGinley, Donald Rimdzius, Valerie McGinley, and Dominic James Hogan invented a novel and non-obvious Energy Saving Cable Assemblies.

**ANSWER:**

Amazon is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

24.     These inventors assigned all rights, titles and interests in and to the '648 Patent to Horizon Technologies, Inc.

**ANSWER:**

Paragraph 24 states legal conclusions to which no answer is required. To the extent a response may required however, Amazon is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

25.      In general, non-legal terms, the '648 Patent, as a continuation of the '833 Patent, also relates to a charger, used in conjunction with a mobile electronic device, that automatically shuts off when a device is fully charged or not plugged in, reducing "phantom" load. This feature reduces power consumption and extends battery life.

**ANSWER:**

The allegations made in this paragraph do not appear to be directed at Amazon, and therefore no response is required. To the extent any response may be required, however, Amazon is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

## DEFENDANTS' PRODUCTS

### Accused Product #1 – Amazon 5W
### USB Official OEM Charger and Power Adapter for Fire Tablets and Kindle eReaders

26.      Defendants make, use, offer for sale and sell Amazon 5W USB Official OEM Charger and Power Adapter for Fire Tablets and Kindle eReaders (hereinafter, "**Kindle 5W Charger**"). An example of the Kindle 5W Charger distributed by Defendants is shown below.



**ANSWER:**

Amazon admits that an Amazon 5W USB charger and power adaptor, which can be used with Amazon Fire Tablets and Kindle e-readers has been offered for sale. Amazon is without knowledge or information sufficient to form a belief as to the authenticity and origin of the object depicted in this paragraph, and on that basis denies the remaining allegations in this paragraph. Amazon denies that it infringes the Asserted Patents.

27.    Defendants advertise the use of and sells its Kindle 5W Charger which is a *charger* that is to be connected between a source of AC power, such as a wall outlet, and a device such as a mobile phone that includes a battery with the battery being rechargeable through the use of DC power.

**ANSWER:**

Denied.

28.    In particular, the Kindle 5W Charger distributed by Defendants employs a reduced plug-size charger plug, that upon plugging the Kindle 5W Charger into a source of AC power such as a wall outlet, the Kindle 5W Charger does not block or interfere with the use of adjacent outlets.

**ANSWER:**

Denied.

29.    Moreover, the size and shape of the Kindle 5W Charger are such that a power cord for the device to be charged may be easily inserted into and removed from the Kindle 5W Charger while the charger is plugged into the source of AC power and removal of the power cord from the Kindle 5W Charger can be accomplished without removal of the charger from the source of AC power.

**ANSWER:**

Denied.

30.    Attached hereto as **Exhibit 4** is a Claim Chart that illustrates each element of the infringing Kindle 5W Charger as compared to Claim 1 in the '794 Patent.

**ANSWER:**

To the extent the attached Exhibit 4 contains factual allegations requiring a response, Amazon denies them. Amazon denies that it infringes any Asserted Patent.

31.    Defendants infringed at least one of the claims of the '794 Patent by offering to sell and by selling a charger plug identified as Kindle 5W Charger.

**ANSWER:**

Denied.

32.    The Kindle Charger has a longitudinal length less than 2 inches, approximately 1.568 inches, and a width of less than 1.75 inches, approximately 1.494 inches.

**ANSWER:**

Denied.

**Accused Product #2 – Amazon 9W USB Official OEM Charger and Power Adapter for ire Tablets and Kindle eReaders Accused Product #3 – Amazon Basic Wireless Charging Stand**

33.    Defendants make, use, offer for sale and sell Amazon 9W USB Official OEM Charger and Power Adapter for Fire Tablets and Kindle eReaders (hereinafter, "**Kindle 9W Charger**"). An example of the Kindle 9W Charger distributed by Defendants is shown below.



**ANSWER:**

Amazon admits that an Amazon 9W USB charger and power adaptor, which can be used with Amazon Fire Tablets and Kindle e-readers, has been offered for sale. Amazon is without knowledge or information sufficient to form a belief as to the authenticity and origin of the object depicted in this paragraph, and on that basis denies the remaining allegations in this paragraph. Amazon denies that it infringes the Asserted Patents.

34.    Defendants advertise the use of and sells its Kindle 9W Charger which is a *charger* that is to be connected between a source of AC power, such as a wall outlet, and a device such as a mobile phone that includes a battery with the battery being rechargeable through the use of DC power.

**ANSWER:**

Denied.

35.     In particular, the Kindle 9W Charger distributed by Defendants employs a reduced plug-size charger plug, that upon plugging the Kindle 9W Charger into a source of AC power such as a wall outlet, the Kindle 9W Charger does not block or interfere with the use of adjacent outlets.

**ANSWER:**

Denied.

36.     Moreover, the size and shape of the Kindle 9W Charger are such that a power cord for the device to be charged may be easily inserted into and removed from the Kindle 9W Charger while the charger is plugged into the source of AC power and removal of the power cord from the Kindle 9W Charger can be accomplished without removal of the charger from the source of AC power.

**ANSWER:**

Denied.

37.     Attached hereto as **Exhibit 5** is a Claim Chart that illustrates each element of the infringing Kindle 9W Charger as compared to Claim 1 in the '794 Patent.

**ANSWER:**

To the extent the attached Exhibit 5 contains factual allegations requiring a response, Amazon denies them. Amazon denies that it infringes any Asserted Patent.

38.     Defendants infringed at least one of the claims of the '794 Patent by offering to sell and by selling a charger plug identified as Kindle 9W Charger.

**ANSWER:**

Denied.

39.    The Kindle 9W Charger has a longitudinal length less than 2 inches, approximately 1.916 inches, and a width of less than 1.75 inches, approximately 1.494 inches.

**ANSWER:**

Denied.

### <u>Accused Product # 3 – Amazon Basics Wireless Charging Stand</u>

40.    Defendants make, use, offer for sale and sell the Amazon Basics Wireless Charging Stand (hereinafter, "**Amazon Wireless Charger**"). An example of the Amazon Wireless Charger distributed by Defendants is shown below.



**ANSWER:**

Amazon admits that an Amazon Basics Wireless Charging Stand has been offered for sale. Amazon is without knowledge or information sufficient to form a belief as to the

authenticity and origin of object depicted in this paragraph, and on that basis denies the remaining allegations in this paragraph. Amazon denies that it infringes the Asserted Patents

41.    Defendants advertise and sell their Amazon Wireless Charger which as a Qi-compliant *wireless charger* that is to be connected between a source of AC power, such as a wall outlet, and a device such as a mobile phone that includes a rechargeable battery.

**ANSWER:**

Denied.

42.    Qi (pronounced "chee") is one of the global wireless charging standards for providing 5-15 watts of power to small personal electronics. Though it is primarily used to charge smartphones, the standard can also apply and easily be used to provide power for a growing number of consumer devices.

**ANSWER:**

Amazon is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

43.    Qi is an open standard, and Qi-enabled mobile electronic devices are able to connect to Qi-certified (or Qi-compliant) chargers from any manufacturer.

**ANSWER:**

Amazon is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

44.    Devices that operate using the Qi standard rely on electromagnetic induction between coils. A Qi system consists of two devices – the transmitting device (the charger), which is connected to a power source and provides inductive power, and the mobile device (to be charged), which consumes inductive power. The transmitting device comprises a transmitting coil

that generates an oscillating magnetic field; the mobile device contains a power receiving coil. The magnetic field induces an alternating current in the receiving coil of the mobile device, by Faraday's law of induction, thereby charging the battery of the mobile device.

**ANSWER:**

Amazon is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

45.     In order for a wireless charger to function optimally and efficiently, the wireless charging device must have internal monitoring circuitry to detect when a mobile electronic device requires charging or is fully charged. The internal circuitry further comprises one or more internal switches (mechanical or electrical) that control the flow of current based on the charge-status of the battery of the mobile electronic device. Furthermore, the internal circuitry of the wireless charger requires a novel load sensing portion, which senses the frequency of pulses rather than sensing the magnitude of a voltage and/or current, to determine the load being drawn, and to determine an "off" state for the device.

**ANSWER:**

Amazon is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

46.     In particular, the Amazon Wireless Charger utilizes the internal monitoring and switch circuitry features, and all elements of the charging device, as claimed by one or more claims, including but not necessarily limited to, Claims 24 and 33 of the '833 Patent and Claims 31, 32 and 39 in the '648 Patent.

**ANSWER:**

Denied.

47.     Attached hereto as **Exhibit 6** is a Claim Chart that illustrates each element of the infringing Wireless Charger as compared to Claims 24, 33 and in the '833 Patent, and Claims 31, 32 and 39 in the '648 Patent.

**ANSWER:**

To the extent the attached Exhibit 6 contains factual allegations requiring a response, Amazon denies them. Amazon denies that it infringes any Asserted Patent.

48.     Defendants infringed at least one of the claims of the '833 and the '648 Patent by offering to sell and by selling a wireless charger identified as Amazon Wireless Charger.

**ANSWER:**

Denied.

## COUNT I
### Direct Infringement of U.S. Patent No. RE48,794 E

49.     Voltstar repeats, realleges, and incorporates by reference, as if fully set forth herein paragraphs 1-48, as set forth above.

**ANSWER:**

Amazon incorporates by reference its responses to each of the foregoing paragraphs as if fully set forth herein.

50.     Within the six years preceding the filing of this Complaint, Defendants have directly infringed at least one claim of U.S. Patent No. RE48,794 E by making, using, selling, offering for sale in the United States, and/or importing into the United States its Kindle Charger, in violation of 35 U.S.C. § 271(a).

**ANSWER:**

Denied.

51.    Without limiting the foregoing, Defendants have infringed at least Claim 1 of the '794 Patent as described in the Claim Charts attached hereto as **Exhibits 4 and 5**.

**ANSWER:**

Denied. To the extent the attached Exhibits 4 and 5 contain factual allegations requiring a response, Amazon denies them. Amazon denies that it infringes any Asserted Patent.

52.    Defendants' acts of making, using, selling, offering for sale in the United States, and/or importing into the United States infringing products have been without license, permission, or authorization from Voltstar.

**ANSWER:**

Denied.

53.    Defendant's infringement of the '794 Patent has injured and continues to injure Voltstar in an amount to be proven at trial, but not less than a reasonable royalty.

**ANSWER:**

Denied.

## COUNT II
### Direct Infringement of U.S. Patent No. 7,910,833

54.    Voltstar repeats, realleges, and incorporates by reference, as if fully set forth herein paragraphs 1-48, as set forth above.

**ANSWER:**

Amazon incorporates by reference its responses to each of the foregoing paragraphs 1-48 as if fully set forth herein.

55.    Within the six years preceding the filing of this Complaint, Defendants have directly infringed at least one claim of U.S. Patent No. 7,910,833 by making, using, selling,

offering for sale in the United States, and/or importing into the United States its Amazon Wireless Charger, in violation of 35 U.S.C. § 271(a).

**ANSWER:**

Denied.

56.     Without limiting the foregoing, Defendants have infringed at least Claim 24, 33 and 36 of the '833 Patent as described in the Claim Chart attached hereto as **Exhibit 6.**

**ANSWER:**

Denied. To the extent the attached Exhibit 6 contains factual allegations requiring a response, Amazon denies them. Amazon denies that it infringes any Asserted Patent.

57.     Defendants' activities referred to in this Count have been without license, permission, or authorization from Voltstar.

**ANSWER:**

Denied.

58.     Defendants' infringement of the '833 Patent has injured and continues to injure Voltstar in an amount to be proven at trial, but not less than a reasonable royalty.

**ANSWER:**

Denied.

## <u>COUNT III – DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,960,648</u>

59.     Voltstar repeats, realleges, and incorporates by reference, as if fully set forth herein paragraphs 1-48, as set forth above.

**ANSWER:**

Amazon incorporates by reference its responses to each of the foregoing paragraphs 1-48 as if fully set forth herein.

60.     Within the six years preceding the filing of this Complaint, Defendants have directly infringed at least one claim of U.S. Patent No. 7,960,648 by making, using, selling, offering for sale in the United States, and/or importing into the United States its Wireless Charging Base, in violation of 35 U.S.C. § 271(a).

**ANSWER:**

Denied.

61.     Without limiting the foregoing, Defendants have infringed at least Claim 31, 32 and 39 of the '648 Patent as described in the Claim Chart attached hereto as **Exhibit 6**.

**ANSWER:**

Denied. To the extent the attached Exhibit 6 contains factual allegations requiring a response, Amazon denies them. Amazon denies that it infringes any Asserted Patent.

62.     Defendants' activities referred to in this Count have been without license, permission, or authorization from Voltstar.

**ANSWER:**

Denied.

63.     Defendants' infringement of the '648 Patent has injured and continues to injure Voltstar in an amount to be proven at trial, but not less than a reasonable royalty.

**ANSWER:**

Denied.

## RESPONSE TO VOLTSTAR'S PRAYER FOR RELIEF

Amazon denies any Accused Product infringes any valid and enforceable asserted claim of the Asserted Patents, literally and/or under the doctrine of the equivalents, directly, indirectly, and/or by inducement, and denies that importation, sale, or offer for sale of products has been unlawful. Amazon denies that Voltstar is entitled to any relief whatsoever.

## DEFENSES

As affirmative, separate, and other defenses to the Complaint asserted against Amazon, Amazon states as follows without assuming the burden of proof on matters where it has no such burden. In doing so, Amazon specifically reserves the right to restate, re-evaluate, or recall any defenses.

### FIRST DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE
### (Invalidity)

On information and belief, one or more claims of the Asserted Patents is invalid and/or unenforceable for failing to meet one or more requirements of patentability set forth in Part II of Title 35 of the United States Code, including but not limited to sections 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD DEFENSE
### (No Infringement)

Although Amazon does not bear the burden of proof on this issue, Amazon denies that it (i) infringes or has infringed, either literally or under the doctrine of equivalents, or (ii) induces or has induced other to infringe any valid and enforceable asserted claim of the Asserted Patents.

### FOURTH DEFENSE
### (No Pre-Suit Damages, Failure to Mark)

Upon information and belief, Voltstar's claim for damages is barred to the extent Voltstar or its licensees have not complied with the marking and actual notice requirements as set forth in 35 U.S.C. § 287(a).

### FIFTH DEFENSE
### (Limitation of Damages)

Voltstar's claim for damages is limited under 35 U.S.C. § 286 and § 287. Voltstar is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

### SIXTH DEFENSE
### (No Costs or Fees)

Voltstar is precluded form recovering its reasonable attorneys' fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285. Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288. Neither Defendant's actions before this lawsuit was filed nor Defendant's actions defending this case give rise to an exceptional case under 35 U.S.C. 285. Plaintiff's claims for relief are limited by the doctrine of full compensation, exhaustion, first sale and Plaintiff is not entitled to double recovery.

## SEVENTH DEFENSE
### (No Right to Injunctive Relief)

Voltstar is not entitled to preliminary or permanent injunctive relief, inter alia, because any injury to Plaintiff is not immediate nor irreparable, and Plaintiff has an adequate monetary remedy for any claim that they can prove, subject to any applicable defense and/or set-off.

## JURY DEMAND

Amazon demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Amazon prays for judgment as follows:

A.      The complaint be dismissed in its entirety with prejudice;

B.      Voltstar be denied any of the relief prayed for in its complaint or to any relief whatsoever;

C.      The Asserted Patents have never been, and are not now, infringed by Amazon directly or indirectly, willfully or otherwise, or by an person using Amazon's products in this judicial district or anywhere in the United States;

D.      No damages or royalties are due or owing for any of the acts alleged by Voltstar in its complaint against Amazon, nor is any preliminary or permanent injunction appropriate as a matter of law;

E.      Voltstar is barred from enforcing or attempting to enforce patent rights against Amazon; and that

F.      Amazon be awarded its costs (including expert fees), disbursements, and reasonable attorneys' fees pursuant to 35 U.S.C. §285 and/or 18 U.S.C. § 1927 as against Voltstar, and such other further relief as the Court may deem just and proper.

-26-

Respectfully submitted,

Dated: May 27, 2025

By: */s/ Ellen Scordino*

Ellen Scordino, Bar No. 4038857
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Telephone: 617.406.6000
Facsimile: 617.406.6100
Email: ellen.scordino@us.dlapiper.com

Jennifer Librach Nall
**DLA PIPER LLP (US)**
Texas Bar No. 24061613
Admitted Pro Hac Vice
303 Colorado Street, Suite 3000
Austin, TX 78701-4653
Telephone: 512.457.7000
Facsimile: 512.457.7001
Email: jennifer.nall@us.dlapiper.com

Aima Mori
**DLA PIPER LLP (US)**
Illinois Bar No. 6333104
Admitted Pro Hac Vice
444 West Lake Street, Suite 900
Chicago, IL 60606-0089
Telephone: 312.368.4000
Facsimile: 312.236.7516
Email: aima.mori@us.dlapiper.com

Emily Green Radin, Bar No. 5835863
**DLA PIPER LLP (US)**
1251 Avenue of Americas, 27th Floor
New York, NY 10020-1104
Telephone: 212.335.4528
Facsimile: 212.335.4501
Email: emily.radin@us.dlapiper.com

*Attorneys for Defendants Amazon.com, Inc.
and Amazon.com Services LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record registered on the CM/ECF system.

DATED this 27th day of May, 2025.


*/s/ Ellen Scordino*
Ellen Scordino