## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

VOLTSTAR TECHNOLOGIES, INC.,

                 Plaintiff,

v.

                                         **CASE NO.: 1:25-CV-01791-JMF**

AMAZON.COM, INC. AND AMAZON.COM
SERVICES, LLC

                 Defendants.

---

### ~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER

Plaintiff Voltstar Technologies, Inc. ("Plaintiff" or "Voltstar") and Defendants Amazon.com, Inc. and Amazon.com Services, LLC (collectively referred to as "Defendants" or "Amazon"), recognizing that each may have materials containing trade secret or other confidential business, financial, research, technical, cost, price, marketing, or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c), have agreed to the terms of the Stipulated Protective Order ("Order") as set forth below. The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

1.      **Purposes, Limitations, and Good Cause**

      A.      **Purposes and Limitations**

Discovery in this action is likely to involve production of confidential, proprietary, competitively sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, or resolving this litigation may be warranted. Accordingly, as noted above, the parties hereby stipulate to and petition the Court to enter the following Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from

public disclosure and use extends only to the limited information or items that are entitled to confidential treatment as set forth in this Order and as otherwise permissible under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.1, below, that this Order does not entitle them to file confidential information under seal; rather, Southern District's ECF Privacy Policy, and Judge Furman's Individual Rules and Practices in Civil Cases Rule 7 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks to file material under seal.

### B.       Good Cause Statement

This action is likely to involve trade secrets, valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution, defense, and resolution of this action is warranted.

Such confidential materials and information consist of, among other things, documents, testimony, information or other things that the Designating Party (as defined below) believes, in good faith, contain (1) confidential business, financial, personal, or commercial information or competitively-sensitive information not customarily disclosed to the general public; or (2) any third-party documents, testimony or information or other things that the third party currently maintains as confidential, seeks to maintain as confidential for purposes of the above-captioned action, and the disclosure of which may have the effect of causing harm to the third-party persons, firm, partnership, corporation or organization from which the documents, testimony or information was obtained. Confidential information also includes business negotiations and/or dealings, business agreements, financial information, financial transactions, information regarding

confidential business practices, confidential research and development about the entities' products, commercial information, information implicating privacy rights of third parties, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.    Definitions

2.1    <u>Action</u>: this pending federal lawsuit.

2.2    <u>Challenging Party</u>: a Party (as defined below) or Non-Party (as defined below) that challenges the designation of information or items under this Order.

2.3    "<u>CONFIDENTIAL</u>" Information or Items: Disclosure or Discovery Material (as defined below) that qualifies for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    "<u>HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY</u>" AND "<u>HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY – SOURCE CODE</u>" Information or Items: Disclosure or Discovery Material that the Designating Party believes, in good faith, contain

information the disclosure of which is likely to cause substantial harm to the competitive position of the Designating Party, contain information subject to the right of privacy of any person, or contain information alleged to be a trade secret. None of the restrictions set forth in this Order shall apply to any documents or other information that are or become public knowledge by means not in violation of the provisions of this Order, or any law or statute.

2.5     <u>Counsel</u>: Outside Counsel of Record (as defined below) and House Counsel of Record (as defined below).

2.6     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in responses to discovery, disclosures, or otherwise as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY – SOURCE CODE".

2.7     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter. Such information may consist of, without limitation, (1) testimony given in this Action by any Party or by any third party (whether oral, in writing, or via videotape); (2) documents produced in this Action by any Party or by any third party; (3) written discovery responses given by any Party; (4) any documents or pleadings filed with the Court; and (5) the information contained within such documents, testimony or discovery responses.

2.8     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a current employee of a Party or competitor of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party or competitor of a

Party.

2.9     House Counsel: attorneys who are employees of a party to this Action.  House Counsel does not include Outside Counsel of Record, any other outside counsel, or any other employees of a party to this Action.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared in this Action on behalf of that party.  Outside Counsel of Record includes partners, associates, and staff within the law firm to which such appearing attorneys are affiliated, to whom it is reasonably necessary to disclose information for this litigation.

2.12    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record.

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY – SOURCE CODE".

2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.17    Source Code means computer code, scripts, assembly, binaries, object code, source code listings (e.g., file names and path structure), descriptions of source code (e.g., descriptions of declarations, functions, and parameters), object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component.

## 3.    Scope

The protections conferred by this Order cover not only Protected Material but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Order do not cover the following information:  (1) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (2) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing Protected Material to an individual who prepared the Protected Material.

Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4.    Duration

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.    Designating Protected Material

5.1    Designating Material for Protection.    Parties and Non-Parties may designate Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY – SOURCE CODE". where the material meets the requirements listed in Sections 2.3 and 2.4, above.

5.2    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care

to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.3     Any Party May Designate Information Produced by a Non-Party.  Any Party may designate information or documents disclosed by a Non-Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY – SOURCE CODE" pursuant to this Order by so indicating in writing within 21 days after receipt of said information or documents, providing an identification by relevant document numbers or other means of the document or information (or portion thereof) to be so designated.

5.4     Manner and Timing of Designations.  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY – SOURCE CODE" to each page that contains Protected Material.  If a Party wishes to designate only a portion or portions of the material on a page as Protected Material, the Party may do so by making appropriate markings in the margins or by some other method that clearly designates such portions as Protected Material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY – SOURCE CODE." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY – SOURCE CODE" legend to each page that contains Protected Material.

(b)     for testimony given in depositions or in other pretrial proceedings, that the Designating Party request that the transcript, in whole or in part, be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY – SOURCE CODE" by the court reporter.  This request may be

made orally during the proceeding or in writing within fifteen (15) days of the proceeding. Deposition transcripts shall be treated by default as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the expiration of the time to make a confidentiality designation.

Transcripts containing Protected Material shall have an obvious legend with the appropriate designation on the title page and every subsequent page that the transcript contains Protected Material. If only portions of a transcript are designated as Protected Material, then the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY – SOURCE CODE".

Deposition transcript pages that reflect Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. The Designating Party shall inform the court reporter of these requirements.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY – SOURCE CODE". If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.5    <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified

information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

The Producing Party may subsequently designate Discovery Material as Protected Material in the following manner: (a) the Producing Party must give prompt, written notice to Outside Counsel of Record for the Party to whom such documents, testimony, or other information have been disclosed informing them that the information produced is designated Protected Material; (b) Outside Counsel of Record receiving notice of newly designated documents, testimony or other information, shall take reasonable steps to comply with such new designation, including reasonable steps to retrieve any documents distributed inconsistent with such new designation, but shall not be responsible for any disclosure to non-parties occurring before receipt of notice; and (c) at its own expense, the Designating Party will provide the Party receiving the notice with another copy of the documents, deposition testimony, or other information that bears the appropriate designation.

**6.      Challenging Confidentiality Provisions**

6.1      <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time.  This includes a request for a redacted copy of material designated as HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY – SOURCE CODE. Unless a prompt challenge is necessary to avoid foreseeable substantial unfairness, unnecessary substantial economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"  or "HIGHLY CONFIDENTIAL-

ATTORNEYS' EYES ONLY – SOURCE CODE" designation.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under any applicable local rule or court order.  To challenge a designation, the Challenging Party shall initiate the dispute resolution process by providing the Designating Party and the Named Parties with written notice that describes the basis for the challenge of each designation at issue. Within seven (7) days of receipt of said notice, the Designating Party shall confer with the Challenging Party and provide the basis for the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY – SOURCE CODE" designation to the Challenging Party.  The parties involved shall attempt to resolve each challenge in good faith by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient).  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to do so in a timely manner.

6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the Challenging Party may move the Court to resolve the dispute.  Failure by the Challenging Party to make such a motion, absent a showing of good cause for the delay, may constitute a waiver of the confidentiality designation for each challenged designation at the Court's discretion.  In addition, the Challenging Party may challenge a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

6.4    <u>Burden of Persuasion</u>.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous assertions of confidentiality and/or challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens

on other parties) may expose the Designating Party or the Challenging Party, as the case may be, to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.     Access to and Use of Protected Material**

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (Final Disposition).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     up to three (3) officers, directors, and employees (including House Counsel) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, and (2) who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and

Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph 7.5 below have been followed;

        (d)    the court and its personnel;

        (e)    court reporters, videographers, and their staff;

        (f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

        (h)    during their depositions or in court proceedings, witnesses, and attorneys for witnesses, provided that (1) the Protected Material was authored by, addressed to, or received by such persons or other persons employed by the same entity as such persons, or (2) the Protected Material was produced by or obtained from such persons or their employer;

        (i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

        (j)    any other person with the prior written consent of the Producing Party.

    7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items.</u>  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" only to the following persons:

        (a)    the Receiving Party's Outside Counsel of Record;

        (b)    Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and

Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph 7.5 below have been followed;

(c)     the court and its personnel;

(d)     court reporters and videographers and their staff;

(e)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(h)     during their depositions, hearings, or at trial, current officer, director, or employee witnesses of the Producing Party; and

(i)     any other person with the prior written consent of the Producing Party.

7.4     Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY – SOURCE CODE " Information or Items.

(a)     To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)     Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this Action, or to obligate any Party to produce any Source Code.

(c)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 13 below, and may be disclosed, subject to Paragraph 13 below, solely to:

(1)    The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States,* 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(2)    Any outside expert or consultant retained by the Receiving Party to assist in this Action (including necessary employees of the outside expert or consultant), provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465,1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 7.5 below;

(3)    Individuals who have been designated to testify by the Producing Party on Rule 30(b)(6) topics relating to the source code, and individuals who are shown to be the authors of or to have previously reviewed the given source code with authorization of the

Producing Party;

        (4)     the court and its personnel;

        (5)     court reporters and videographers and their staff;

        (6)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

        (7)     During their depositions, hearings, or at trial, current officer, director, or employee witnesses of the Producing Party; and

        (8)     Any other person with the prior written consent of the Producing Party.

    7.5    <u>Procedures for Approving or Objecting to Disclosure of Protected Material to Experts.</u>

        (a)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY – SOURCE CODE" pursuant to Paragraph 7.2(c) or 7.3(b) or 7.4(b)(2) first must provide the Designating Party with a written notice that includes (1) the Expert's signed "Acknowledgment and Agreement to Be Bound" (Exhibit A), (2) sets forth the full name of the proposed recipient and the city and state of his or her primary residence; (3) attaches a copy of the proposed recipient's current resume; and (4) identifies the proposed recipient's current employer(s).  For purposes of clarity, all requests for disclosures to any proposed recipient under this paragraph are subject to Paragraphs 7.5(b) and (c).

        (b)     A Party that makes a request and provides the information specified Paragraph 7.5(a), may disclose the subject Protected Material to the identified person after 5

business days from the time it delivered the request unless, within 5 business days of delivering

the request, the Party receives a written objection from the Designating Party.  Any such objection

must set forth in detail the grounds on which it is based and must be made for good cause. Failure

to object within five (5) business days shall constitute approval.

(c)     A Designating Party that makes a timely written objection must meet and

confer with the Receiving Party (through direct voice-to-voice dialogue) to try to resolve the matter

by agreement within five (5) business days of the written objection.  If no agreement is reached,

the Party seeking to make the disclosure may file a motion seeking permission from the court to

do so.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden

of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7.6     Prosecution Bar.

Any (1) attorney representing Plaintiff, whether in-house or outside counsel, (2) person

associated with Plaintiff and permitted to receive the other Party's CONFIDENTIAL or HIGHLY

CONFIDENTIAL ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL-ATTORNEYS'

EYES ONLY – SOURCE CODE material under the terms of this Order, and (3) person, who by

action of Plaintiff or its agent obtains, receives, has access to, or otherwise learns, in whole or in

part, Defendant's CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY – SOURCE CODE material, shall

not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent

application pertaining to the field of the invention of the patents-in-suit on behalf of Plaintiff or its

acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one

year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, Plaintiff shall create an "Ethical Wall" between those persons with access to CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY – SOURCE CODE material and any individuals who, on behalf of Plaintiff or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patents-in-suit.

## 8.    Protected Material Subpoenaed or Ordered Produced in Other Litigation

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Protected Material, that Party must:

(a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce the Protected Material before a determination by the court from which the subpoena or order issued that the Protected Material must be produced, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these

provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    **A Non-Party's Protected Material Sought to be Produced in this Litigation**

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

(c)    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession

or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.    Unauthorized Disclosure of Protected Material**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify the Designating Party in writing what was disclosed and to whom, (b) use its best efforts to retrieve all Protected Material improperly disseminated, including all copies, (c) inform the person or persons to whom such unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    Inadvertent Production of Privileged or Otherwise Protected Material**

When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). In accordance with Federal Rule of Evidence 502(d), the attorney-client privilege or work-product protection is not waived as a result of the disclosure of information in connection with this litigation through inadvertence or error. Such production of documents or information subject to attorney-client privilege, work-product immunity, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is Protected Material, privileged or protected by the work-product immunity or any other applicable privilege, provided that the Producing Party notifies the Receiving Party in writing promptly upon discovery of such information. Within five (5) business days of receiving such notice, the Receiving Party shall return such information or documents or confirm in writing that it has taken reasonable steps to

permanently delete all electronic copies of such documents from electronic records and to destroy all paper copies. If the Receiving Party has disclosed the information to others before being notified of the claim of privilege or protection, the Receiving Party must take reasonable steps to retrieve and return or destroy the disclosed information. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone after the request that they be returned. The Receiving Party may move the court for an order compelling production of such information (based on information independent of the content of the allegedly privileged materials in question), but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production. If a claim is disputed, the Receiving Party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this paragraph for any purpose until the matter is resolved by agreement of the parties or by a decision of this Court. If a Party becomes aware that it has received documents that are clearly privileged, the Party receiving the privileged documents will promptly notify the Producing Party of receipt of the documents and return or destroy all copies of the privileged documents, if the Producing Party so requests within 10 days after being advised of the inadvertent production. If the Producing Party does not request return or destruction of the identified privileged documents within this 10 day time period, the Producing Party will be deemed to have waived the privilege, but only with respect to the specific documents identified.

## 12.    Filing Protected Material in Court

12.1    <u>Filing Protected Materials</u>. A Party that seeks to file under seal any Protected Material must comply with Local Rule 5.4. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's good-faith request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed

by the court.

12.2    This Order does not govern the treatment of Protected Material at trial, which issue will be separately raised by the parties and separately addressed by the Court.

**13.    Disclosure and Review of Source Code**

13.1    This Section shall govern the production of Source Code in this Action.    The provision of this Section shall also be available for the production of Source Code by non-parties, however, such production may be governed by a supplemental confidentiality order negotiated between the Receiving Party and the non-party.

13.2    Any Source Code that is produced by Plaintiff shall be made available for inspection in electronic format at the New York office of its Outside Counsel, SRIP Law, or any other location mutually agreed by the Parties.    Any Source Code that is produced by Defendants will be made available for inspection at the Austin office of its Outside Counsel, DLA Piper LLP, or any other location mutually agreed by the Parties.

13.3    Source Code will be made available for inspection between the hours of 8 a.m. and 6 p.m. local time on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

13.4    After the Producing Party provides notice that source code is available for inspection, and prior to the first inspection of any requested Source Code, the Receiving Party shall provide seven (7) days' notice of the Source Code that it wishes to inspect.    The Receiving Party shall provide five (5) days' notice prior to any additional inspections. The Producing Party will work in good faith to provide notice that source code is available within a reasonable timeframe.

13.5    Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(a)    The Producing Party shall provide a conference room for the Receiving Party's source code reviewers in which to review the Source Code Material (the "Review Room"). To the extent reasonable additional conference space is requested, the Producing Party will work in good faith to accommodate that request.

(b)    All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a "stand-alone" computer(s) that is (are), password protected, secured computer(s) without access to any network, including a local area network ("LAN"), an intranet or Internet or network access to other computers and on which all access ports have been disabled (except for a printer port to be connected to a printer solely for the limited purposes of printing, and any ports necessary to connect external mouse, keyboard, and monitor), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the Source Code Computer" in the "Source Code Review Room"). The Source Code Review computer(s), including a keyboard, mouse, and monitor, shall be reasonably configured to permit

(c)    the Receiving Party to review the Source Code. The Producing Party will produce Source Code Material on the stand-alone computer(s) in a format that is not designed to obscure the original structure defined for the code module or package. For example, the Producing Party will not produce Source Code Material as a flat folder including all the files, unless that is how the Producing Party keeps that Source Code Material in the ordinary course of business. The

Producing Party shall install tools that are sufficient for viewing, searching, printing, and storing code electronically on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business. The Receiving Party's Outside Counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with a CD, DVD, thumb drive, or other means of installation containing such licensed software tool(s) at least fourteen (14) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. Alternatively, if the Producing Party prefers, the Receiving Party may provide download links or instructions for such licensed software tools in that time frame and the Producing Party may install them on the Source Code Computer itself. The Producing Party and Receiving Party shall promptly meet and confer in good faith to resolve any disputes regarding the configuration of the Source Code Computer or the Source Code Review. The Producing Party may notify the Receiving Party that it declines to install any requested inspection software if the software represents any unreasonable risk of compromising security of the Source Code or the Source Code Computer, or the software could be used for any other illegitimate purpose in contravention of the Protective Order.  Within three (3) business days of such notification by the Producing Party, the Parties shall meet and confer in good faith to attempt to resolve the issue.  If the Parties cannot resolve the issue, the Producing Party may bring a motion to the Court using the discovery dispute procedures set forth in the Scheduling Order (D.I. 32), but

the pendency of the motion will not be used as a basis to withhold access by the Receiving Party of the Source Code for review using other tools.  For emphasis, it should be noted that the tools for reviewing Source Code may not be used to circumvent the protections of this Protective Order in any way. The Producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s). The parties will confer in good faith regarding the need for additional source code review computers, but in any event, the Producing Party shall not be required to provide the Receiving Party with more than two (2) source code review computers.

13.6    No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

13.7    The Receiving Party's Outside Counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself.

13.8    The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, including remote visual monitoring of the room via the internet, but only to the limited extent necessary to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way except as otherwise provided in this Protective Order. But the Producing Party may not otherwise listen in on or record the activities of the Receiving Party's representatives during any Source code review, invade their privileged work, or otherwise inhibit the Receiving Party's privileged communications or note-taking in the Source Code Review Room. The

Producing Party's supervision will not, by itself, be deemed to cause any waiver or other loss of any privilege covering such notes or communications.

13.9    No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code. The Receiving Party may print limited portions of the Source Code only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). Any printed portion that consists of more than fifteen (15) pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy. The Receiving Party may print out no more than 500 pages total. The Receiving Party may request to print additional pages in excess of these limits, and the parties agree to discuss the request in good faith, including consideration of whether an agreement has been reached regarding representativeness of one product or version and the number of different code bases and versions relevant to the issues in the case at the time of the request. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party. The source code shall be printed on a non-glossy paper in a

manner that allows it to be human-readable once printed.  The Producing Party shall Bates number, copy, and label "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any pages printed by the Receiving Party.  Within  seven (7) days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose.  The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere.  The printed pages shall constitute part of the Source Code produced by the Producing Party in this Action.

13.10   All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party within four (4) days after the first time that such person reviews such Source Code.  Such identification shall be in addition to any other disclosure required under this Order.  All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart.  The Producing Party shall be entitled to a copy of the log upon four (4) days advance notice to the Receiving Party.

13.11   Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's Outside Counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review

Room.  The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

13.12    Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its Outside Counsel.

13.13    The Receiving Party's Outside Counsel may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 13.9 not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code.  These additional sets (or subsets) of printed Source Code do not count towards any page limit for printing Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon four (4) days' advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

13.14    The Receiving Party's outside counsel of record and any person receiving a copy

of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.  No more than a total of ten (10) individuals identified by the receiving party shall have access to the printed portions of Defendants' Source Code (except insofar as such code appears in any court filing or expert report).

13.15   For depositions, the Receiving Party shall not bring copies of any printed Source Code.  Rather, at least seven (7) days before the date of the deposition, the Receiving Party shall notify the Producing Party that it wishes to use Source Code at the deposition, and the Producing Party shall either (a) bring two sets of printed copies of all its produced Source Code to the deposition for use by the Receiving Party, or (b) make a Source Code Computer available at the deposition in the deposition room. For court proceedings and trial, at least ten (10) days before the date of any such event or a shorter time if needed to meet deadlines imposed by the Court, the Receiving Party shall notify the Producing Party regarding that it intends to use Source Code and the Producing Party shall bring the necessary copies. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Producing Counsel's Outside Counsel for secure destruction in a timely manner following the deposition.

13.16   Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to

a PDF or photograph the code). Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Party shall file the relevant document, with no more than ten (10) continuous lines of source code, under seal and shall ensure that all source code is redacted in any public versions of such filings. If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

**14.     Miscellaneous**

14.1     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or

item on any ground.  This includes the right to object to the disclosure of specifically identified documents, testimony, or other Disclosure or Discovery Material to specific persons otherwise entitled to receive Confidential Information under Sections 7.2 and 7.3 of this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**15.    Final Disposition**

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (Duration).

**16.    Violation**

Any violation of this Order may be punished by any and all appropriate measures including contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May 29, 2025


**SRIPLAW**                                    */s/ Emily Radin*

*/s/ Joseph A. Dunne*                          Ellen Scordino, Bar No. 4038857
JOSEPH A. DUNNE                                **DLA PIPER LLP (US)**
New York Bar No: 4831277                       33 Arch Street, 26th Floor
joseph.dunne@sriplaw.com                       Boston, MA 02110-1447
41 Madison Avenue                              Telephone: 617.406.6000
25th Floor                                     Facsimile: 617.406.6100
New York, NY 10010                             Email: ellen.scordino@us.dlapiper.com
929.200.8446 – Telephone
561.404.4353 – Facsimile                       Jennifer Librach Nall (admitted pro hac vice)
                                               **DLA PIPER LLP (US)**
JOEL B. ROTHMAN                                Texas Bar No. 24061613
New York Bar No.: 2459576                      303 Colorado Street, Suite 3000
joel.rothman@sriplaw.com                       Austin, TX 78701-4653
21301 Powerline Road                           Telephone: 512.457.7000
Suite 100                                      Facsimile: 512.457.7001
Boca Raton, FL 33433                           Email: Jennifer.nall@us.dlapiper.com
561.404.4350 – Telephone
561.404.4353 – Facsimile                       Aima Mori (admitted pro hac vice)
                                               **DLA PIPER LLP (US)**
LAYLA T. NGUYEN (admitted pro hac vice)        Illinois State Bar No. 6333104
layla.nguyen@sriplaw.com                       444 West Lake Street, Suite 900
21301 Powerline Road                           Chicago, IL 60606-0089
Suite 100                                      Telephone: 312.368.4000
Boca Raton, FL 33433                           Facsimile: 312.236.7516
561.826.6924 – Telephone                       Email: aima.mori@us.dlapiper.com
561.404.4353 – Facsimile
                                               Emily Green Radin
*Attorneys for Voltstar Technologies, Inc.*    **DLA PIPER LLP (US)**
                                               New York Bar No. 5835863
                                               1251 Avenue of the Americas, 27th Floor
                                               New York, NY 10020-1104
                                               Telephone: 212.335.4528
                                               Facsimile: 212.335.4501
                                               Email: emily.radin@us.dlapiper.com

                                               *Attorneys for Defendants Amazon.com,*
                                               *Inc. and Amazon.com Services LLC*

**PURSUANT TO STIPULATION, IT IS SO ORDERED** in Chambers, New York, New

York, this __30th__ day of _____May_____, 2025.

_____
JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of record

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on _____ [date], in the case of Voltstar Technologies, Inc. v. Amazon.com, Inc. and Amazon.com Services, LLC, Case No. 1:25-cv-01791-JMF. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name], of _____ [print or type full address] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____